# Supreme Court of Texas

No. 23-0408

Nautilus Insurance Company,

*Petitioner*,

v.

HOF Partners LLC,

*Respondent*

On Petition for Review from the
Court of Appeals for the Second District of Texas

Statement of JUSTICE YOUNG and JUSTICE SULLIVAN respecting the denial of the motion for rehearing.

We would grant the motion for rehearing and the petition for review. The motion and the amicus briefs persuasively assert that the underlying legal questions warrant this Court's full consideration. As always, the Court's decision to deny the petition expresses no view of the underlying merits. *See, e.g.*, *Loram Maint. of Way, Inc. v. Ianni*, 210 S.W.3d 593, 596 (Tex. 2006). Denial of the petition prevents immediate resolution of the legal issues, but it does not prevent their further consideration in other cases—and potentially even in a later stage of this

case. Other Texas courts considering similar questions should bring their independent judgment to bear, which will assist this Court should our eventual review become necessary.

The question presented here concerns the kinds of entities that can accept premium payments for a surplus-lines policy under the Texas Insurance Code. Relying on a provision in Chapter 981 that applies specifically in the surplus-lines context, Nautilus argues that only a registered surplus-lines agent can accept such a premium payment. But the court of appeals applied a general provision found in a different chapter of the Code and held that there was a fact issue as to whether the insured's retail agent had accepted a premium payment on behalf of a surplus-lines insurer. No. 02-22-00175-CV, 2023 WL 3114309, at *4–10 (Tex. App.—Fort Worth Apr. 27, 2023). This Court denied Nautilus's petition for review.

After Nautilus filed a motion for rehearing, four amicus briefs (encompassing eight separate entities—one of which alone purports to represent 1,200 individual companies) were filed, each urging the Court to grant the motion, grant the petition, and reverse the judgment below. Amici warn that the court of appeals' decision "creates an exigent risk of disruption in the Texas insurance market." According to amici, the decision below "may have a significant impact on the appeal of Texas as a market to surplus lines insurers."

If the court of appeals' decision in fact generates the consequences predicted by amici, including a lack of predictability and concomitant costliness imposed by the decision below but not required by the law, this Court will certainly have further opportunities to address the

serious legal questions that Nautilus presents—most likely sooner rather than later.

_____

Evan A. Young
Justice


_____

James P. Sullivan
Justice

**STATEMENT FILED:** June 27, 2025